UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ELOI KOUEKASSAZO,**

      **Plaintiff,**

  v.                        **Civil Action 2:25-cv-1435**
                                **Judge Edmund A. Sargus, Jr.**
                                **Magistrate Judge Chelsey M. Vascura**

**KANE-ID LOGISTICS,**

      **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Eloi Kouekassazo, sues his former employer, Kane-ID Logistics, for discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
>     (i) is frivolous or malicious; [or]
>
>     (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff alleges that he has been singled out for discriminatory treatment by various managers in the form of conflicting instructions, unfair discipline, or denial of overtime opportunities. He made two discrimination complaints on January 15, 2024, and January 31, 2024 (*See* Discrimination Complaints, ECF No. 1-1, PAGEID #20–21, 18–19). The first of these complaints makes vague references to the difficulties that Black people and people of color face

in the workplace. (ECF No. 1-1, PAGEID #21.) The second complaint does not refer to race, color, or national origin in any way. On February 23, 2024, he was fired, purportedly for insubordination for slamming a window when speaking with a manager about overtime opportunities that were offered to Plaintiff's Mexican coworkers but not to Plaintiff.

In his Complaint, Plaintiff checked boxes indicating that he advances claims under Title VII for discrimination on the basis of race and color, as well as retaliation. He also listed 5 U.S.C. § 2302(b)(9) as an additional basis for his claims. As relief, Plaintiff seeks compensatory damages.

All of Plaintiff's claims must be dismissed. First, as to his Title VII discrimination claim: "[A]ny Title VII plaintiff must carry the initial burden of offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 (1977). At the pleading stage, this means a Title VII plaintiff must "allege sufficient 'factual content'" from which a court could "draw the reasonable inference" that Defendants "discriminate[d] against [Plaintiff] with respect to [his] compensation, terms, conditions, or privileges of employment, *because of* [his] race, color, religion, sex, or national origin." *See Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, and 42 U.S.C. § 2000e–2(a)(1)) (emphasis in original).

Plaintiff has not done so. His allegations make many references to his being singled out for discrimination, but any allegations that he was discriminated on the basis of his race or color are conclusory at best. His Complaint itself does not identify his own race or that of his coworkers or managers or suggest that he was treated differently from employees of other races or colors. The exhibits to the Complaint make vague references to racial and color

4

discrimination, but these stray references do not give rise to a "claim to relief that is plausible on its face" as required by *Iqbal*. 556 U.S. at 678. Even if Plaintiff advanced a claim for national origin discrimination (as might be relevant to his allegation that Mexican coworkers were offered overtime opportunities that Plaintiff was denied), Plaintiff's employer reported that those coworkers were not, in fact, working overtime, but were merely making up some of their normal 40-hour work week over the weekend. (ECF No. 1-1, PAGEID #10.) Plaintiff alleges no facts that would suggest that that his employer was untruthful about the nature of the weekend hours worked by Plaintiff's Mexican coworkers. Accordingly, his allegations do not plausibly suggest that he was treated differently than employees of another national origin.

   Next, as to Plaintiff's retaliation claim: To establish a *prima facie* case of retaliation under Title VII, a plaintiff must establish that:

> (1) she engaged in a protected activity; (2) her "exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action."

*Rogers v. Henry Ford Health System,* 897 F.3d 763, 775 (6th Cir. 2018) (citing *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014) (quoting *Jones v. Johanns*, 264 F. App'x 463, 466 (6th Cir. 2007)). Here, Plaintiff adequately alleges that he engaged in the protected activity of making good faith Title VII discrimination complaints, that his employer knew of that activity, and that his employer took an adverse action by terminating his employment. But Plaintiff has not sufficiently alleged a causal connection between his discrimination complaints and his termination. His allegations on this point are wholly conclusory. Plaintiff's employer maintains that he was terminated for insubordination after he slammed a window when speaking with a manager, and Plaintiff's allegations do not give rise to an inference that the employer's stated reason was merely pretextual. Further, although Plaintiff's termination followed closely on the

heels of his discrimination complaints, "[t]emporal proximity alone cannot establish a causal connection" for a Title VII retaliation claim. *See Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 675 (6th Cir. 2013) (abrogated on other grounds). Plaintiff has therefore failed to allege a Title VII retaliation claim.

Finally, any claim under 5 U.S.C. § 2302 must be dismissed. Title 5 of the U.S. Code pertains only to employment with the federal government. There is no indication that Plaintiff's employer is a federal entity, so this statute has no relevance to Plaintiff's claims.

### III.  DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. For the reasons above, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE